UNITED STATES DISTRICT COURT NORTHERN
DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL HARRINGTON | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| EDUCATION PRINCIPLE FOUNDATION | § | |
| DBA ART INSTITUTE OF HOUSTON DBA | § | |
| ART INSTITUTE OF DALLAS, A BRANCH | § | |
| OF MIAMI INTERNATIONAL UNIVERSITY | § | |
| OF ART & DESIGN | § | |
| | § | |
| Defendant | § | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, for his Complaint against Defendant, would show as follows:

### Parties

1.      Plaintiff is an individual.

2.      Defendant is a legal entity operating under the assumed name of Art Institute Of

Dallas, with its principal place of business at 8080 Park Lane, N Suite 100, Dallas, Texas 75231,

and may be served with summons through an officer or managing agent at that location or at 4140

Southwest Freeway, Houston, Texas  77027.

### Jurisdiction and Venue

3.      The Court has subject matter jurisdiction over this case pursuant to 31 U.S.C.

§ 3732(a) and 28 U.S.C. §§ 1331.

4.      Venue is proper in this judicial district pursuant to 31 U.S.C. § 3732(a) and/or

28 U.S.C. §1391(b) because Defendant transacts business in this District and because one or

COMPLAINT – PAGE 1

more of the acts committed by Defendant supporting Plaintiff's claim under 31 U.S.C. § 3730(h) occurred in this District.

Facts

5.     As set forth below, Plaintiff was employed as enrollment director of Defendant, an art school, and was terminated within days of his complaining of false and fraudulent conduct of Defendants in obtaining and retaining proceeds of guaranteed student loans (each a "GSL," and collectively, "GSLs") and grants made by the United Stated Department of Education ("DOE") for a tuition per student of approximately $96,000 for as many as 150 students actually not enrolled by Defendant.

6.     Through bank and non-bank financial intermediaries, DOE makes GSLs and grants to finance tuition and related expenses of students at many educational institutions throughout the United States, including Defendant.

7.     On various occasions between 2010 and 2020, Defendant or its predecessors in interest knowingly facilitated GSLs and grants for more students than it contemplated enrolling, including having those applying for a GSL prepare a federal free application for federal student aid ("FAFSA") for submission by Defendant on their behalf, and obtaining proceeds of such GSLs and grants for tuition, without enrolling some of the students for whose benefit it obtained the GSLs and grants, without reporting the failure to enroll such students to the DOE or its fiscal intermediaries, and without refunding the proceeds of such GSLs and grants used to pay tuition for such students for certain periods of time. Specifically, Defendants purported to enroll a certain number of students, and to assist them in seeking such GSLs and grants, but then obtained and retained proceeds of the GSLs and grants, to the extent of as much as approximately $28,800 per student, representing tuition for three quarters, without enrolling all such students on account of

which it received loan and grant proceeds by obtaining a signed enrollment agreement. The ostensible reason of Defendants for submitting FAFSAs was simply to determine the eligibility of students for financial aid in connection with their enrollment with Defendant. In fact, Defendants intended to obtain and retain loan proceeds without regard to whether certain students became enrolled by it.

8.     After 13 years in enrollment positions at multiple educational institutions, Plaintiff became employed by Defendant as its enrollment director on July 22, 2019. Between July 22, 2019 and September 27, 2019, Plaintiff became aware of the false and fraudulent practice of Defendant and its predecessors referred to in paragraphs 5, 6 and 7 with respect to at least 150 students and tuition of as much as approximately $28,800 per student. On September 27, 2019, Plaintiff objected to the false and fraudulent practice of Defendant with respect to such 150 students. Specifically, Plaintiff complained of Defendant in arranging GSLs to prospective students, including submitting for each of such students a FAFSA and receiving and retaining proceeds of such GSLs even if such students did not become enrolled by Defendant, and also retaining proceeds of grants for students even if such students did not become enrolled by Defendant. On October 2, 2019, Defendant terminated Plaintiff's employment as director of enrollment of Defendant.

<u>Causes of Action</u>

9.     For cause of action, Plaintiff would show that Defendant violated Section 3730(h) of the False Claims Act ("FCA") in terminating Plaintiff's employment in that Defendants discharged and otherwise discriminated against Plaintiff in the terms and conditions of his employment because of lawful acts done by Plaintiff in furtherance of an action under Section 3729 of the FCA or other efforts to stop one or more violations of the FCA. Plaintiff is

accordingly entitled to reinstatement with the same seniority status that employee would have had but for the discrimination, two times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorney's fees.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and that he have all relief in such judgment to which he is entitled.

Respectfully submitted,


/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No.08158100
reg@kilgorelaw.com
Eric N. Roberson
State Bar N. 00792803
enr@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 969-9099 Telephone
(214)379-0840 Telecopy

ATTORNEYS FOR PLAINTIFF